# EXHIBIT A

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
SADDLE CREEK CORPORATION

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
HONMA GOLF U.S., LTD.

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego
**04/23/2021** at 01:26:38 PM
Clerk of the Superior Court
By Marc David,Deputy Clerk

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Superior Court of the State of California<br>County of San Diego - Hall of Justice Courthouse<br>300 W. Broadway, San Diego, CA 92101 | CASE NUMBER:<br>*(Número de Caso):*<br><br>37-2021-00018192-CU-BC-CTL |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Jed P. White (State Bar No. 232339) David J. Root (State Bar No. 307251) (310) 576-2100
Bryan Cave Leighton Paisner LLP, 120 Broadway, Suite 300, Santa Monica, CA 90401

| DATE: 04/26/2021<br>*(Fecha)* | Clerk, by<br>*(Secretario)* | M. David | , Deputy<br>*(Adjunto)* |
|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:

3. ☒ on behalf of *(specify)*: SADDLE CREEK CORPORATION
   under: ☒ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

Page 1 of 1

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
SADDLE CREEK CORPORATION

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
HONMA GOLF U.S., LTD.

| FOR COURT USE ONLY |
| --- |
| *(SOLO PARA USO DE LA CORTE)* |

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**04/23/2021** at 01:26:36 PM

Clerk of the Superior Court
By Marc David, Deputy Clerk

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

---

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Superior Court of the State of California<br>County of San Diego - Hall of Justice Courthouse<br>300 W. Broadway, San Diego, CA 92101 | CASE NUMBER:<br>*(Número del Caso):*<br><br>37-2021-00018192-CU-BC-CTL |
| --- | --- |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Jed P. White (State Bar No. 232339) David J. Root (State Bar No. 307251) (310) 576-2100
Bryan Cave Leighton Paisner LLP, 120 Broadway, Suite 300, Santa Monica, CA 90401

| DATE: **04/26/2021**<br>*(Fecha)* | Clerk, by<br>*(Secretario)* | M. David | , Deputy<br>*(Adjunto)* |
| --- | --- | --- | --- |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* SADDLE CREEK CORPORATION
   under: ☒ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

---

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

American LegalNet, Inc.
www.FormsWorkflow.com

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

Page 1 of 1

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | |
|---|---|
| STREET ADDRESS: | 330 W Broadway |
| MAILING ADDRESS: | 330 W Broadway |
| CITY AND ZIP CODE: | San Diego, CA 92101-3827 |
| DIVISION: | Central |
| TELEPHONE NUMBER: | (619) 450-7068 |

| PLAINTIFF(S) / PETITIONER(S):   HONMA GOLF U S LTD |
|---|
| DEFENDANT(S) / RESPONDENT(S): Saddle Creek Corporation |

| HONMA GOLF U S LTD VS SADDLE CREEK CORPORATION [IMAGED] |
|---|

| NOTICE OF CASE ASSIGNMENT AND CASE MANAGEMENT CONFERENCE (CIVIL) | CASE NUMBER:<br>37-2021-00018192-CU-BC-CTL |
|---|---|

### CASE ASSIGNED FOR ALL PURPOSES TO:

Judge:  Richard S. Whitney                                           Department: C-68

### COMPLAINT/PETITION FILED: 04/23/2021

| TYPE OF HEARING SCHEDULED | DATE | TIME | DEPT | JUDGE |
|---|---|---|---|---|
| Civil Case Management Conference | 12/03/2021 | 10:00 am | C-68 | Richard S. Whitney |

**Due to the COVID-19 pandemic, all Case Management Conferences (CMCs) are being conducted virtually unless there is a court order stating otherwise.** Prior to the hearing date, visit the "virtual hearings" page for the most current instructions on how to appear for the applicable case-type/department on the court's website at www.sdcourt.ca.gov.

A Case Management Statement (JC Form #CM-110) must be completed by counsel for all parties and by all self-represented litigants and timely filed with the court at least 15 days prior to the initial CMC. (San Diego Superior Court (SDSC) Local Rules, rule 2.1.9; Cal. Rules of Court, rule 3.725).

All counsel of record and self-represented litigants must appear at the CMC, be familiar with the case, and be fully prepared to participate effectively in the hearing, including discussions of Alternative Dispute Resolution (ADR) options.

It is the duty of each plaintiff (and cross-complainant) to serve a copy of this Notice of Case Assignment and Case Management Conference (SDSC Form #CIV-721) with the complaint (and cross-complaint), the Alternative Dispute Resolution (ADR) Information Form (SDSC Form # CIV-730), a Stipulation to Use Alternative Dispute Resolution (ADR) (SDSC Form # CIV-359), and other documents on all parties to the action as set out in SDSC Local Rules, rule 2.1.5.

**TIME FOR SERVICE AND RESPONSE:** The following rules apply to civil cases except for collections cases under California Rules of Court, rule 3.740(a), unlawful detainer actions, proceedings under the Family Code, and other proceedings for which different service requirements are prescribed by law (Cal. Rules of Court, rule 3.110; SDSC Local Rules, rule 2.1.5):
- **Service:** The complaint must be served on all named defendants, and proof of service filed with the court within 60 days after filing the complaint. An amended complaint adding a defendant must be served on the added defendant and proof of service filed within 30 days after filing of the amended complaint. A cross-complaint against a party who has appeared in the action must be accompanied by proof of service on that party at the time it is filed. If it adds a new party, the cross-complaint must be served on all parties and proof of service on the new party must be filed within 30 days of the filing of the cross-complaint.
- **Defendant's appearance:** Unless a special appearance is made, each defendant served must generally appear (as defined in Code of Civ. Proc. § 1014) within 30 days of service of the complaint/cross-complaint.
- **Extensions:** The parties may stipulate without leave of court to one 15-day extension beyond the 30-day time period prescribed for the response after service of the initial complaint (SDSC Local Rules, rule 2.1.6). If a party fails to serve and file pleadings as required under this rule, and has not obtained an order extending time to serve its pleadings, the court may issue an order to show cause why sanctions shall not be imposed.

**JURY FEES:** In order to preserve the right to a jury trial, one party for each side demanding a jury trial shall pay an advance jury fee in the amount of one hundred fifty dollars ($150) on or before the date scheduled for the initial case management conference in the action.

**COURT REPORTERS:** Official Court Reporters are not normally available in civil matters, but may be requested in certain situations no later than 10 days before the hearing date. See SDSC Local Rules, rule 1.2.3 and Policy Regarding Normal Availability and Unavailability of Official Court Reporters (SDSC Form #ADM-317) for further information.

**ALTERNATIVE DISPUTE RESOLUTION (ADR):** The court discourages any unnecessary delay in civil actions; therefore, continuances are discouraged and timely resolution of all actions, including submitting to any form of ADR is encouraged. The court encourages and expects the parties to consider using ADR options prior to the CMC. The use of ADR will be discussed at the CMC. Prior to the CMC, parties stipulating to the ADR process may file the Stipulation to Use Alternative Dispute Resolution (SDSC Form #CIV-359).

## NOTICE OF E-FILING REQUIREMENTS
## AND IMAGED DOCUMENTS

Effective April 15, 2021, e-filing is required for attorneys in represented cases in all limited and unlimited civil cases, pursuant to the San Diego Superior Court General Order: In Re Procedures Regarding Electronically Imaged Court Records, Electronic Filing and Access to Electronic Court Records in Civil and Probate Cases. Additionally, you are encouraged to review CIV-409 for a listing of documents that are not eligible for e-filing. E-filing is also encouraged, but not mandated, for self-represented litigants, unless otherwise ordered by the court. All e-filers are required to comply with the e-filing requirements set forth in Electronic Filing Requirements (Civil) (SDSC Form #CIV-409) and Cal. Rules of Court, rules 2.250-2.261.

All Civil cases are assigned to departments that are part of the court's "Imaging Program." This means that original documents filed with the court will be imaged, held for 30 days, and then destroyed, with the exception of those original documents the court is statutorily required to maintain. The electronic copy of the filed document(s) will be the official court record, pursuant to Government Code § 68150. Thus, original documents should not be attached to pleadings filed with the San Diego Superior Court, unless it is a document for which the law requires an original be filed. Any original documents necessary for a motion hearing or trial shall be lodged in advance of the hearing pursuant to California Rules of Court, rule 3.1302(b).

It is the duty of each plaintiff, cross-complainant, or petitioner to serve a copy of this Notice of Case Assignment and Case Management Conference (Civil) (SDSC Form #CIV-721) with the complaint, cross-complaint, or petition on all parties to the action.

On all pleadings filed after the initial case originating filing, all parties must, to the extent it is feasible to do so, place the words "IMAGED FILE" in all caps immediately under the title of the pleading on all subsequent pleadings filed in the action.

The official court file will be electronic and accessible at one of the kiosks located in the Civil Business Office and may be found on the court's website at www.sdcourt.ca.gov.



**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

**ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION**

CASE NUMBER: 37-2021-00018192-CU-BC-CTL      CASE TITLE: HONMA GOLF U S LTD vs SADDLE CREEK CORPORATIO

**NOTICE:** All plaintiffs/cross-complainants in a general civil case are required to serve a copy of the following three forms on each defendant/cross-defendant, together with the complaint/cross-complaint:
> (1) this Alternative Dispute Resolution (ADR) Information form (SDSC form #CIV-730),
> (2) the Stipulation to Use Alternative Dispute Resolution (ADR) form (SDSC form #CIV-359), *and*
> (3) the Notice of Case Assignment form (SDSC form #CIV-721).

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts, community organizations, and private providers offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. The San Diego Superior Court expects that litigants will utilize some form of ADR as a mechanism for case settlement before trial, and it may be beneficial to do this early in the case.

Below is some information about the potential advantages and disadvantages of ADR, the most common types of ADR, and how to find a local ADR program or neutral. A form for agreeing to use ADR is attached (SDSC form #CIV-359).

**Potential Advantages and Disadvantages of ADR**
ADR may have a variety of advantages or disadvantages over a trial, depending on the type of ADR process used and the particular case:

| Potential Advantages | Potential Disadvantages |
|---|---|
| • Saves time | • May take more time and money if ADR does not resolve the dispute |
| • Saves money | |
| • Gives parties more control over the dispute resolution process and outcome | • Procedures to learn about the other side's case (discovery), jury trial, appeal, and other court protections may be limited or unavailable |
| • Preserves or improves relationships | |

**Most Common Types of ADR**
You can read more information about these ADR processes and watch videos that demonstrate them on the court's ADR webpage at http://www.sdcourt.ca.gov/adr.

**Mediation:** A neutral person called a "mediator" helps the parties communicate in an effective and constructive manner so they can try to settle their dispute. The mediator does not decide the outcome, but helps the parties to do so. Mediation is usually confidential, and may be particularly useful when parties want or need to have an ongoing relationship, such as in disputes between family members, neighbors, co-workers, or business partners, or when parties want to discuss non-legal concerns or creative resolutions that could not be ordered at a trial.

**Settlement Conference:** A judge or another neutral person called a "settlement officer" helps the parties to understand the strengths and weaknesses of their case and to discuss settlement. The judge or settlement officer does not make a decision in the case but helps the parties to negotiate a settlement. Settlement conferences may be particularly helpful when the parties have very different ideas about the likely outcome of a trial and would like an experienced neutral to help guide them toward a resolution.

**Arbitration:** A neutral person called an "arbitrator" considers arguments and evidence presented by each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are usually relaxed. If the parties agree to binding arbitration, they waive their right to a trial and agree to accept the arbitrator's decision as final. With nonbinding arbitration, any party may reject the arbitrator's decision and request a trial. Arbitration may be appropriate when the parties want another person to decide the outcome of their dispute but would like to avoid the formality, time, and expense of a trial.

**Other ADR Processes:**  There are several other types of ADR which are not offered through the court but which may be obtained privately, including neutral evaluation, conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR processes. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute.  Be sure to learn about the rules of any ADR program and the qualifications of any neutral you are considering, and about their fees.

<u>Local ADR Programs for Civil Cases</u>

**Mediation:**  The San Diego Superior Court maintains a Civil Mediation Panel of approved mediators who have met certain minimum qualifications and have agreed to charge $150 per hour for each of the first two (2) hours of mediation and their regular hourly rate thereafter in court-referred mediations.

<u>On-line mediator search and selection:</u>  Go to the court's ADR webpage at www.sdcourt.ca.gov/adr and click on the "Mediator Search" to review individual mediator profiles containing detailed information about each mediator including their dispute resolution training, relevant experience, ADR specialty, education and employment history, mediation style, and fees and to submit an on-line Mediator Selection Form (SDSC form #CIV-005).  The Civil Mediation Panel List, the Available Mediator List, individual Mediator Profiles, and Mediator Selection Form (CIV-005) can also be printed from the court's ADR webpage and are available at the Mediation Program Office or Civil Business Office at each court location.

**Settlement Conference:**  The judge may order your case to a mandatory settlement conference, or voluntary settlement conferences may be requested from the court if the parties certify that: (1) settlement negotiations between the parties have been pursued, demands and offers have been tendered in good faith, and resolution has failed; (2) a judicially supervised settlement conference presents a substantial opportunity for settlement; and (3) the case has developed to a point where all parties are legally and factually prepared to present the issues for settlement consideration and further discovery for settlement purposes is not required. Refer to SDSC Local Rule 2.2.1 for more information. To schedule a settlement conference, contact the department to which your case is assigned.

**Arbitration:**  The San Diego Superior Court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience.  Refer to SDSC Local Rules Division II, Chapter III and Code Civ. Proc. § 1141.10 et seq or contact the Arbitration Program Office at (619) 450-7300 for more information.

<u>More information about court-connected ADR</u>: Visit the court's ADR webpage at www.sdcourt.ca.gov/adr or contact the court's Mediation/Arbitration Office at (619) 450-7300.

**Dispute Resolution Programs Act (DRPA) funded ADR Programs:**  The following community dispute resolution programs are funded under DRPA (Bus. and Prof. Code §§ 465 et seq.):
- In Central, East, and South San Diego County, contact the National Conflict Resolution Center (NCRC) at www.ncrconline.com or (619) 238-2400.
- In North San Diego County, contact North County Lifeline, Inc. at www.nclifeline.org or (760) 726-4900.

**Private ADR:**  To find a private ADR program or neutral, search the Internet, your local telephone or business directory, or legal newspaper for dispute resolution, mediation, settlement, or arbitration services.

<u>Legal Representation and Advice</u>

To participate effectively in ADR, it is generally important to understand your legal rights and responsibilities and the likely outcomes if you went to trial. ADR neutrals are not allowed to represent or to give legal advice to the participants in the ADR process. If you do not already have an attorney, the California State Bar or your local County Bar Association can assist you in finding an attorney. Information about obtaining free and low cost legal assistance is also available on the California courts website at *www.courtinfo.ca.gov/selfhelp/lowcost*.

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | FOR COURT USE ONLY |
|---|---|
| STREET ADDRESS: 330 West Broadway | |
| MAILING ADDRESS: 330 West Broadway | |
| CITY, STATE, & ZIP CODE: San Diego, CA 92101-3827 | |
| BRANCH NAME: Central | |

| PLAINTIFF(S): HONMA GOLF U S LTD |
|---|
| DEFENDANT(S): Saddle Creek Corporation |
| SHORT TITLE: HONMA GOLF U S LTD VS SADDLE CREEK CORPORATION [IMAGED] |

| STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR) | CASE NUMBER: 37-2021-00018192-CU-BC-CTL |
|---|---|

Judge: Richard S. Whitney                                           Department: C-68

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution (ADR) process.  Selection of any of these options will not delay any case management timelines.

☐ Mediation (court-connected)                ☐ Non-binding private arbitration

☐ Mediation (private)                         ☐ Binding private arbitration

☐ Voluntary settlement conference (private)   ☐ Non-binding judicial arbitration (discovery until 15 days before trial)

☐ Neutral evaluation (private)                ☐ Non-binding judicial arbitration (discovery until 30 days before trial)

☐ Other (specify e.g., private mini-trial, private judge, etc.): _____

_____

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: (Name) _____

_____

_____

Alternate neutral (for court Civil Mediation Program and arbitration only): _____

Date: _____                Date: _____

_____                        _____

Name of Plaintiff                               Name of Defendant

_____                        _____

Signature                                       Signature

_____                        _____

Name of Plaintiff's Attorney                    Name of Defendant's Attorney

_____                        _____

Signature                                       Signature

If there are more parties and/or attorneys, please attach additional completed and fully executed sheets.

It is the duty of the parties to notify the court of any settlement pursuant to Cal. Rules of Court, rule 3.1385.  Upon notification of the settlement, the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court.

**IT IS SO ORDERED.**

Dated: 04/26/2021                               _____

                                                JUDGE OF THE SUPERIOR COURT

SDSC CIV-359 (Rev 12-10)     **STIPULATION TO USE OF ALTERNATIVE DISPUTE RESOLUTION**     Page: 1

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Jed P. White (State Bar No. 232339) David J. Root (State Bar No. 307251)<br>Bryan Cave Leighton Paisner LLP<br>120 Broadway, Suite 300<br>Santa Monica, CA 90401<br>TELEPHONE NO.: 310-576-2100        FAX NO.: 310-576-2200 | **ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of San Diego<br><br>**04/23/2021** at 01:26:36 PM<br>Clerk of the Superior Court<br>By Marc David, Deputy Clerk |

ATTORNEY FOR *(Name):*

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **SAN DIEGO**
STREET ADDRESS: 330 W. Broadway
MAILING ADDRESS: Same
CITY AND ZIP CODE: San Diego, CA 92101
BRANCH NAME: Hall of Justice Courthouse

CASE NAME: Honma Golf U.S., LTD. v. Saddle Creek Corporation

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: 37-2021-00018192-CU-BC-CTL |
|---|---|---|
| ☒ Unlimited   ☐ Limited<br>(Amount        (Amount<br>demanded      demanded is<br>exceeds $25,000)  $25,000 or less) | ☐ Counter   ☐ Joinder<br><br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE: Judge Richard S. Whitney<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| ☐ Auto (22) | ☒ Breach of contract/warranty (06) | **(Cal. Rules of Court, rules 3.400–3.403)** |
| ☐ Uninsured motorist (46) | ☐ Rule 3.740 collections (09) | ☐ Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property** | ☐ Other collections (09) | ☐ Construction defect (10) |
| **Damage/Wrongful Death) Tort** | ☐ Insurance coverage (18) | ☐ Mass tort (40) |
| ☐ Asbestos (04) | ☐ Other contract (37) | ☐ Securities litigation (28) |
| ☐ Product liability (24) | **Real Property** | ☐ Environmental/Toxic tort (30) |
| ☐ Medical malpractice (45) | ☐ Eminent domain/Inverse | ☐ Insurance coverage claims arising from the |
| ☐ Other PI/PD/WD (23) | condemnation (14) | above listed provisionally complex case |
| **Non-PI/PD/WD (Other) Tort** | ☐ Wrongful eviction (33) | types (41) |
| ☐ Business tort/unfair business practice (07) | ☐ Other real property (26) | **Enforcement of Judgment** |
| ☐ Civil rights (08) | **Unlawful Detainer** | ☐ Enforcement of judgment (20) |
| ☐ Defamation (13) | ☐ Commercial (31) | **Miscellaneous Civil Complaint** |
| ☐ Fraud (16) | ☐ Residential (32) | ☐ RICO (27) |
| ☐ Intellectual property (19) | ☐ Drugs (38) | ☐ Other complaint *(not specified above)* (42) |
| ☐ Professional negligence (25) | **Judicial Review** | **Miscellaneous Civil Petition** |
| ☐ Other non-PI/PD/WD tort (35) | ☐ Asset forfeiture (05) | ☐ Partnership and corporate governance (21) |
| **Employment** | ☐ Petition re: arbitration award (11) | ☐ Other petition *(not specified above)* (43) |
| ☐ Wrongful termination (36) | ☐ Writ of mandate (02) | |
| ☐ Other employment (15) | ☐ Other judicial review (39) | |

2. This case ☐ is   ☒ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties    d. ☐ Large number of witnesses
   b. ☐ Extensive motion practice raising difficult or novel   e. ☐ Coordination with related actions pending in one or more courts
       issues that will be time-consuming to resolve                in other counties, states, or countries, or in a federal court
   c. ☐ Substantial amount of documentary evidence    f. ☐ Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply):* a. ☒ monetary   b. ☐ nonmonetary; declaratory or injunctive relief   c. ☐ punitive
4. Number of causes of action *(specify):* 3
5. This case ☐ is   ☒ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: April 23, 2021
Jed P. White
_____          ▶ /s/ Jed P. White
(TYPE OR PRINT NAME)                      (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36) Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

**CIVIL CASE COVER SHEET**

American LegalNet, Inc.
www.FormsWorkflow.com

ELECTRONICALLY FILED
Superior Court of California,
County of San Diego

**04/23/2021** at 01:26:36 PM

Clerk of the Superior Court
By Marc David,Deputy Clerk

1  **BRYAN CAVE LEIGHTON PAISNER LLP**
Jed P. White (State Bar No. 232339)
2  E-Mail:  jed.white@bclplaw.com
David J. Root (State Bar No. 307251)
3  E-mail:  david.root@bclplaw.com
120 Broadway, Suite 300
4  Santa Monica, CA  90401-2386
Telephone:      (310) 576-2100
5  Facsimile:      (310) 576-2200

6  **BRYAN CAVE LEIGHTON PAISNER LLP**
Steven B. Smith (*pro hac vice* to be submitted)
7  E-mail:  steve.smith@bclplaw.com
Suzanne A. Crespo (*pro hac vice* to be submitted)
8  E-mail:  suzanne.crespo@bclplaw.com
90 South Cascade Ave, Suite 1300
9  Colorado Springs, Colorado 80906
Telephone:      (719) 473-3800
10  Facsimile:      (719) 633 1518

11  Attorneys for Plaintiff HONMA GOLF U.S., LTD.

12

13              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

14                       **FOR THE COUNTY OF SAN DIEGO**

15

16  HONMA GOLF U.S., LTD.,            Case No.   37-2021-00018192-CU-BC-CTL

17                       Plaintiff,        **COMPLAINT FOR:**

18        vs.                              **1.  BREACH OF CONTRACT**
                                           **2.  CONVERSION**
19  SADDLE CREEK CORPORATION,            **3.  DECLARATORY RELIEF**

20                       Defendant.

21

22

23

24

25

26

27

28

USA.603247279.3/YGH

                                                                    COMPLAINT

1     Plaintiff HONMA Golf U.S., Ltd. ("Plaintiff") alleges, upon information and belief, as

2   follows:

3                                        **THE PARTIES**

4        1.      Plaintiff is a limited California company doing business in Orange County,

5   California.  Plaintiff is incorporated in Delaware.  Plaintiff is in the business of manufacturing

6   high quality golf clubs.

7        2.      Defendant Saddle Creek Corporation ("Defendant") is a Florida corporation, doing

8   business in San Diego, California.  Defendant is incorporated in Delaware.  Defendant is and/or

9   was a third-party logistics provider.  Defendant advertises itself as specializing in designing and

10  delivering logistics solutions for manufacturers, retailers, and ecommerce companies.  Defendant

11  offers fulfillment, warehousing, and transportation services as stand-alone offerings or as part of

12  an integrated logistics solution.

13                               **JURISDICTION AND VENUE**

14       3.      Jurisdiction in this Court is proper because causes of action set forth in this

15  Complaint arise under California law; and because the amount of damages sought is within the

16  jurisdiction of the Superior Court.

17       4.      Venue is proper in San Diego County because one or more of the acts, breaches,

18  and wrongs giving rise to the causes of action asserted herein occurred here San Diego County;

19  and Defendant is located in San Diego County.

20                               **GENERAL ALLEGATIONS**

21       5.      Plaintiff contracts with various third-party logistics companies to deliver its top of

22  the line golf clubs, which range from $175 for individual clubs to $50,000 for a particular set, to

23  customers across the United States.  Plaintiff invests a significant amount of time and money in

24  the manufacturing of its top-flight products, and therefore relies on third-party logistics companies

25  to safely warehouse and/or deliver its products.

26       6.      In or around January 24, 2019, Plaintiff and Defendant entered into a warehouse

27  services agreement (the "Agreement").  The parties agreed to a three-year term that is scheduled to

28  terminate on or about January 31, 2022.  Plaintiff decided to enter into the Agreement because it

1

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA 90401-2386

USA.603247279.3/YGH

COMPLAINT

1    was made to believe, among other things, that Defendant had the capabilities for end-to-end

2    inventory management (i.e., the receiving, storing, monitoring, and/or preparing of products for

3    shipment) and a robust warehouse management system where Plaintiff's inventory would have

4    been accurately tracked at each step in the process from receipt to end-user shipment.

5         7.    Under the Agreement, Defendant agreed to receive, store, and prepare for shipment

6    Plaintiff's products at its warehouse facility located at 7345 Mission George Road, San Diego, CA

7    92120 (the "Facility").  In exchange, Plaintiff agreed to pay Defendant $10,000 a month for the

8    storage of its products, plus additional fees required under the Agreement.  It was paramount to

9    Plaintiff that Defendant (1) safely store and protect its products that were delivered to the Facility,

10   (2) timely and accurately fulfill Plaintiff's sales order and delivery notes against products stored at

11   the Facility, and (3) keep accurate records regarding Plaintiff's inventory at the Facility.  The

12   failure to safely store Plaintiff's products can result in significant economic harm (associated with

13   manufacturing and replacement costs), and the loss of customers' goodwill when orders for

14   Plaintiff's products are not timely fulfilled.

15        8.    The Agreement also provided, among other things, that:

16        a.   "Warehouse shall receive, store, and prepare for shipment Depositor's

17             Goods at the Facility," and that "Warehouse shall be responsible for

18             selecting area within the Facility for storing the Goods and may, without

19             notice, move the Goods within the Facility." (Schedule A §§ I(a), (b) of the

20             Agreement.)

21        b.   Defendant "shall maintain an accurate count of all shipments of Goods into

22             and out of the Facility.  Warehouse shall report to [Plaintiff] the count taken

23             on each inbound and outbound shipment." (Agreement § 15(A).)

24        c.   "Warehouse shall not be liable for any loss or damage to Goods however

25             caused unless such loss or damage resulted from the failure by Warehouse

26             to exercise such care in regard to the Goods as a reasonably careful person

27             would exercise under like circumstances and Warehouse shall not be liable

28

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA  90401-2386

2

1    for any loss or damage to Goods which could not have been avoided by the

2    exercise of such care." (Agreement § 8(A).)

3        d.  "Warehouse shall not be liable for any claim of any type whatsoever for

4    loss or damages to Goods unless such claim is presented in writing to the

5    Warehouse no later than the earlier of: (i) one hundred twenty (120) days

6    after delivery of the Goods by Warehouse; or (ii) one hundred twenty (120)

7    days after Depositor learned, or in the exercise of reasonable care should

8    have learned, of such loss or damages." (Agreement § 10(A).)

9        e.  "Either Party who is not in default under this Agreement . . . may terminate

10   this Agreement if the other Party has failed to perform any material term,

11   condition or obligation hereof . . . and has failed to correct such material

12   default within sixty (60) days after receipt of written notice of such failure

13   from the Non-Breaching Party . . . . A Party's failure to meet the terms of

14   this Agreement shall only be used as a cause for termination in the event

15   such failure is material and ongoing." (Agreement § 16(B).)

16       9.    In short, Plaintiff entirely relied on Defendant to use its utmost good faith and care

17   in storing, protecting, and shipping Plaintiff's inventory at the facility.

18       10.    Beginning in or around April 2020, Plaintiff expressed concerns to Defendant

19   about irregularities in the count of its inventory that was delivered to the Facility. Because of

20   Plaintiff's concerns, it arranged to have Defendant perform a full inventory audit of Plaintiff's

21   products at the Facility. Plaintiff further hired its accounting firm, Ernst & Young, to oversee

22   Defendant's audit and to confirm the accuracy of Defendant's count. After requesting that

23   Defendant conduct an inventory count of Plaintiff's products, Defendant delayed performing the

24   audit by several weeks.

25       11.    Once Defendant conducted the audit in May 2020, Ernst & Young ultimately

26   confirmed Plaintiff's suspicions: there were discrepancies in inventory and other transactions in

27   excess of $400,000. That is, without previously providing any indication to Plaintiff, Defendant

28

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA 90401-2386

3

had misplaced, lost, and/or stolen over $400,000 of Plaintiff's inventory from April 2019 to May 2020.  In particular, Ernst & Young identified, among other things:

     a.  Defendant "lost" 20,263 pieces of golf products, which included 740 pieces of Plaintiff's high-value "Beres" clubs that are sold in ten-piece sets of $50,000.00.

     b.  Defendant had repeatedly under-counted the receipt of Plaintiff's inventory at the Facility (by approximately 5,863 total pieces), and over-counted any shipments of the products by Defendant to the ultimate end customers (by approximately 14,142 total pieces).

     c.  Defendant failed to conduct an initial inventory count of Plaintiff's products that were transferred to the Facility (from Plaintiff's prior vendor) after the parties entered into the Agreement.  This resulted in a shortfall of 5,293 pieces of equipment simply from the initial transfer of Plaintiff's products to the Facility.

     d.  Defendant left a significant amount of Plaintiff's inventory in the "quarantine room," which Defendant had not discovered until conducting the audit at Plaintiff's request.

     e.  Defendant did not differentiate between Plaintiff's used, returned stock, and new inventory, which caused significant delay and challenges in auditing the records.

12.    Based on Ernst & Young's May 2020 audit, Plaintiff is informed and believes and thereon alleges that Defendant failed to exercise as a reasonably careful person in receiving, storing, monitoring, and/or preparing Plaintiff's products for shipment.

13.    After Ernst & Young conducted its May 2020 audit, Defendant continued to deny that it had repeatedly lost, misplaced, and/or stolen Plaintiff's products.  Instead, Defendant blamed Plaintiff for any discrepancy(ies) in the inventory that Plaintiff believed was delivered but unaccounted for at the Facility.

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA 90401-2386

4

14.     On or around July 21, 2020, Plaintiff informed Defendant that it was contesting any outstanding invoices pursuant to § 3(D) of the Agreement because Defendant misplaced and/or lost over $400,000 of Plaintiff's inventory.  Plaintiff further provided formal notice, pursuant to § 10(A) of the Agreement, of a potential claim against Defendant for losses attributable to the irregularities that caused Defendant to misplace and/or lose $400,000 of Plaintiff's inventory.

15.     Following Plaintiff's notice of a potential claim against Defendant, the parties spent several months negotiating processes and procedures for a second audit that would be conducted by the Defendant, and overseen by an accounting firm named Grobstein Teeple LLP.  The purpose of the second audit was for Defendant to provide a fulsome review of the total value of Plaintiff's inventory that had been lost and/or misplaced since the parties entered into the Agreement.

16.     In or around October 2020, Defendant finished this audit, and determined that $490,852 of Plaintiff's equipment that was stored and managed at the Facility had been lost. Defendant did not provide an adequate explanation as to how it managed to lose almost $500,000 of Plaintiff's inventory.  Indeed, had Plaintiff never raised any concerns over potential irregularities in April 2020, Defendant likely would not have discovered the extent of Plaintiff's missing inventory, or, more alarming, would have simply ignored that it lost Plaintiff's property.

17.     Shortly after Defendant completed its October 2020 audit, Plaintiff started transferring its remaining inventory at the Facility to select customers as clearance sales, as well as to a new location, controlled by an internationally reputable logistics and warehouse company, because it could no longer trust that Defendant would abide by the terms of the Agreement or use good faith and care in storing and protecting Plaintiff's inventory at the Facility.

18.     In or around March 15, 2021, after Plaintiff transitioned a large portion of its inventory away from the Facility, Plaintiff conducted its own review of its inventory that was held by the Facility over the years—under the supervision of third parties, including its customers and/or the new warehousing company—and determined that there was additional missing equipment, which may be worth as much as $562,077.

19.     On March 23, 2021, Plaintiff advised Defendant that it recently determined that equipment delivered to the Facility was missing and unaccounted for—in addition to the $490,852

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA 90401-2386

5

1  previously identified by the Defendant.  Plaintiff initially requested that Defendant pay

2  $1,215,027, which represented Plaintiff's suffered loss and damages as a result of the negligence

3  and failure of Defendant to perform its duties under the Agreement.  Plaintiff further advised that

4  the loss of such a large amount of equipment by Defendant breached its obligation to "receive,

5  store, and prepare for shipment Depositor's Goods at the Facility," in violation of Schedule A §

6  I(a) of the Agreement.  Plaintiff later revised its estimated loss and damages because of the

7  negligence and failure of Defendant perform its duties under the Agreement as **$1,052,929.00**, but

8  Plaintiff is still investigating the extent of the harm it suffered as a result of Defendant's wrongful

9  conduct.

10       20.    Defendant continues to refuse to pay Plaintiff the outstanding value of the

11  inventory that it lost.  Put simply, Defendant repeatedly failed to exercise as a reasonably careful

12  person in receiving, storing, monitoring, and/or preparing Plaintiff's products for shipment.  And

13  Defendant refuses to be held accountable for continuously losing Plaintiff's inventory during the

14  course of the parties' relationship.

15  <center>**FIRST CAUSE OF ACTION**</center>

16  <center>**Breach of Contract**</center>

17  <center>(Against Defendant Saddle Creek Corporation)</center>

18       21.    Plaintiff incorporates by reference the allegations made in paragraphs 1 through 20.

19       22.    The parties' Agreement is a valid and enforceable contract.

20       23.    Since January 2019, Plaintiff delivered inventory to Defendant pursuant to its

21  obligations in the parties' Agreement.  Plaintiff performed all conditions, covenants, and promises

22  required on its part to be performed in accordance with the terms and conditions of the Agreement,

23  except for those covenants and conditions Plaintiff was prevented or excused from performing by

24  Defendant's material breaches and/or anticipatory repudiation of the Agreement.

25       24.    The Agreement required that Defendant, among other things, "receive, store, and

26  prepare for shipment" Plaintiff's products.  Defendant repeatedly, materially breached the

27  Agreement by failing to exercise as a reasonably careful person in receiving, storing, monitoring,

28  and preparing Plaintiff's products for shipment.  Indeed, Defendant's employees continued to lose

<center>6</center>

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA 90401-2386

USA.603247279.3/YGH

1   Plaintiff's products throughout the entirety of the parties' relationship.  Accordingly, Defendant

2   materially breached the Agreement by losing an amount that has yet to be ascertained but based on

3   its current investigation constitutes, at minimum, $1,052,929 of Plaintiff's inventory.

4      25. Due to Defendant's breach of the Agreement, Plaintiff has suffered and will

5   continue to suffer damages in an amount to be shown at trial, including but not limited to lost

6   revenues and profits, loss of its good will and reputation, and cost of manufacturing products lost

7   and/or misplaced by Defendant.

8   <div align="center">**SECOND CAUSE OF ACTION**</div>

9   <div align="center">**Conversion**</div>

10  <div align="center">(Against Defendant Saddle Creek Corporation)</div>

11     26. Plaintiff incorporates by reference the allegations made in paragraphs 1 through 25.

12     27. Plaintiff is the sole owner over its products.  Defendant currently has and/or

13  previously had Plaintiff's products in its possession, custody, and control pursuant to the parties'

14  Agreement.

15     28. Upon information and belief, Defendant's employees at the Facility intentionally

16  and substantially interfered with Plaintiff's property by intentionally stealing its property.  Upon

17  further information and belief, Defendant's employees particularly targeted Plaintiff's high-value

18  "Beres" clubs that are sold in ten-piece sets of $50,000.00.

19     29. Plaintiff did not consent or authorize this interference.

20     30. Plaintiff was harmed by this interference in an amount that has yet to be

21  ascertained, but based on its current investigation constitutes, at minimum, $1,052,929.

22  <div align="center">**THIRD CAUSE OF ACTION**</div>

23  <div align="center">**Declaratory Relief**</div>

24  <div align="center">(Against Defendant Saddle Creek Corporation)</div>

25     31. Plaintiff incorporates by reference the allegations made in paragraphs 1 through 30.

26     32. An actual controversy has arisen and now exists between Plaintiff and Defendant

27  with respect to whether Defendant breached the parties' Agreement, and that Plaintiff is entitled to

28  terminate the Agreement due to Defendant's breach.

<div align="center">7</div>

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA  90401-2386

USA.603247279.3/YGH

1       33.    Plaintiff is informed and believes and thereon alleges that Defendant disputes,

2   among other things, that:

3           a.   Defendant breached the Agreement by losing Plaintiff's products;

4           b.   That the loss of such a large amount of equipment by Defendant breaches

5              its obligation to "receive, store and prepare for shipment [Plaintiff's] Goods

6              at the Facility," as provided in § I(a) of Schedule I of the Agreement; and

7           c.   That Defendant failed to correct "such material default," "has failed to

8              correct such material default within sixty (60) days after receipt of written

9              notice of such failure" by Plaintiff, and that Defendant's "failure is material

10             and ongoing."

11      34.    Plaintiff, therefore, desires a determination and finding with respect to the issues

12  identified in paragraphs 33.

13      35.    The declaration of the rights and duties of Plaintiff and Defendant with respect to

14  the issues listed above is a proper matter for declaratory relief.

15      36.    The Court's declaration is thus necessary and appropriate at this time under the

16  circumstances in order that Plaintiff and Defendant may ascertain their respective rights and duties

17  with respect to the above listed issues.

18  / / /

19  / / /

20  / / /

21  / / /

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA 90401-2386

8

USA.603247279.3/YGH

COMPLAINT

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for judgment against Defendant as follows:

1.   For general damages in a sum in excess of the minimum jurisdictional amount of this Court, according to proof at trial;

2.   For pre-and-post judgment interest at the legal rate;

3.   For costs of suit incurred herein; and

4.   For such other and further relief as the Court deems just and proper.

Dated:    April 23, 2021                **BRYAN CAVE LEIGHTON PAISNER LLP**


By: _/s/ Jed P. White_____
       Jed P. White
       Attorneys for Plaintiff HONMA GOLF U.S.,
       LTD.

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA  90401-2386

USA.603247279.3/YGH

9

COMPLAINT