UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HONMA GOLF U.S., LTD.,<br><br>               Plaintiff,<br><br>v.<br><br>SADDLE CREEK CORPORATION,<br><br>               Defendant. | Case No.: 21-CV-1131-CAB-WVG<br><br>**ORDER ON DEFENDANT'S EMERGENCY MOTION/ EX PARTE APPLICATION FOR ORDER AUTHORIZING IMMEDIATE INSPECTION** |

I.     INTRODUCTION

Pending before the Court is Saddle Creek Corporation's ("Defendant") July 16, 2021 Emergency Motion/ Ex Parte Application for Order Authorizing Immediate Inspection ("*ex parte* application"). (Doc. No. 11.) Honma Golf U.S., Ltd. ("Plaintiff") timely opposed Defendant's *ex parte* application on July 19, 2021 ("Opposition"). (Doc. No. 12.) The Court has reviewed and considered the entirety of Defendant and Plaintiff's ("Parties") respective submissions. Having done so, the Court DENIES Defendant's *ex parte* application on procedural and substantive grounds and explains below.

/ / /

/ / /

/ / /

/ / /

## II. BACKGROUND

This is a breach of contract dispute that Defendant removed to this Court on June 17, 2021. (Doc. No. 1.) Plaintiff brings three claims against Defendant: (1) breach of contract; (2) conversion; and (3) declaratory relief for Defendant's alleged failure to securely store Plaintiff's golf products, consistent with the Parties' warehouse services agreement. (Doc. No. 1, Exhibit ("Exh.") B.) Plaintiff alleges it has suffered damages exceeding one-million dollars after its high-value golf products disappeared from Defendant's warehouse. (*Id.*; Doc. No. 12, 5:6-11.) Defendant disputes it had any role in the golf products' disappearance. (Doc. No. 6.) The California Highway Patrol ("CHP") initiated an investigation into the matter, which remains ongoing. (Doc. No. 11, ¶ 5.) To date, the CHP has recovered over 700 missing golf clubs ("recovered inventory") and, in late June 2021, returned them to Plaintiff. (*Id.*; Doc. No. 12, 5:12-18.)

On July 2, 2021, Defendant requested to conduct a joint inspection of the recovered inventory with Plaintiff. (*Id.*, ¶ 6.) On July 9, 2021, Plaintiff responded by agreeing to a joint inspection on two conditions: (1) the Parties conduct an early conference pursuant to Rule 26(f) of the Federal Rules of Civil Procedure ("the Rules"); and (2) Defendant provide a request for inspection pursuant to Rule 34 of the Rules. On July 14, 2021, Defendant rejected Plaintiff's proposal and advised it would seek relief from the Court. (Doc. No. 11-1, Declaration ("Decl.") of John F. Horvath, ¶ 5.) In its Opposition, Plaintiff adds that "under no circumstance, however, did Saddle Creek's counsel indicate that he would seek *ex parte* relief or that he would file an *ex parte* application two days later." (Doc. No. 12, 6:6-13.) Defendant filed its *ex parte* application on July 16, 2021, giving rise to the instant motion practice. (Doc. No. 11.)

## III. LEGAL STANDARD

*Ex parte* proceedings are exclusively reserved for emergency circumstances. *Langer v. McHale,* 2014 WL 4922351, at *2 (S.D. Cal. Aug. 20, 2014). Because *ex parte* applications seek to bypass regular noticed motion procedures, the movant must establish a basis for giving the application priority. *Kashani v. Adams*, 2009 WL 1068862 *2 (S.D.

Cal. Apr. 21, 2009) (citing S.D. Cal. Civ. R. 7.1(e)). Accordingly, *ex parte* applications will be granted only upon "an adequate showing of good cause or irreparable injury to the party seeking relief." *AF Holdings LLC v. Doe*, 2012 WL 5304998, at *3 (S.D. Cal. Oct. 24, 2012) (citing *Clark v. Time Warner Cable*, 2007 U.S. Dist. LEXIS 100716, at *2, 2007 WL 1334965 (C.D. Cal. May 3, 2007) and *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F.Supp. 488, 492 (C.D. Cal. Mar. 14, 1995)). Thus, if the movant fails to show irreparable harm will result "if the motion is not heard on an expedited schedule and that it either did not create the circumstances warranting *ex parte* relief or that the circumstances occurred as a result of excusable neglect," the court's inquiry ends. *Al Otro Lado, Inc. v. Wolf*, 2020 WL 8617490, at *1 (S.D. Cal. Dec. 7, 2020); *see also Mission Power Eng'g Co.*, 883 F. Supp. at 490 (observing "*ex parte* relief is rarely justified").

IV.   DISCUSSION

Both procedural and substantive grounds support Defendant's *ex parte* application's denial. The Court addresses each ground in turn. As a threshold matter, Civil Local Rule 83.3(g)(2) requires parties seeking *ex parte* relief to inform their opponents "within a reasonable time before the motion [is made]" they seek to obtain *ex parte* relief from the Court. Civ. L.R. 83.3(g)(2). This Court's Civil Chambers Rule VI emphasizes the point. In particular, Civil Chambers Rule VI requires movants to submit with their *ex parte* application "a declaration that indicates reasonable and appropriate notice to opposing counsel, in accordance with Civil Local Rule 83.3g." Hon. William V. Gallo Civil Chambers Rules, Rule VI. Here, the Parties' respective submissions confirm defense counsel failed to provide Plaintiff's counsel adequate notice of Defendant's intent to seek *ex parte* relief. Whether purposeful or not, defense counsel's omission violates Local Rules and this Court's Civil Chambers Rules and procedurally precludes the Court from granting Defendant's *ex parte* application.

Even if the Court were inclined to overlook the *ex parte* application's procedural defect (which it is not), Defendant's request for relief warrants denial on substantive grounds. Defendant moves this Court to order the Parties to participate in an immediate

3

21-CV-1131-CAB-WVG

joint inspection of Plaintiff's recovered property but does little to validate the urgency of its request. The *ex parte* application fails to assert facts demonstrating there is any discernable risk of spoliation of Plaintiff's recovered inventory now, in the near future, or at all. Instead, Defendant flatly rejects Plaintiff's counsel's proposal that the Parties engage in a site inspection after an early Rule 26(f) conference and Defendant bringing a Rule 34 request. (*Id*., 3:5-7.)

Rather than explaining the merits of its position, Defendant simply labels Plaintiff's proposal as unreasonable and speculates it "could be a waste of the parties' time and efforts." (*Id*., 3: 5-11.) From there, Defendant's exercise in conjecture persists: "Plaintiff's attorney's proposal *could*… hinder Saddle Creek's further investigation regarding circumstances surrounding their disappearance and the identities of the perpetrators." (*Id*., 3: 12-16 [emphasis added].) Defendant further hypothesizes that, since "the allegedly missing inventory allegedly includes 740 clubs that it sells in ten-piece sets for $50,000.00, this Court may not have jurisdiction since it is based on diversity of citizenship and an amount in controversy in excess of $75,000.00." (*Id*., 3: 18-21.) In doing so, Defendant fails to provide clarifying facts and legal authority to support any of these three reasons underlying its request for emergency relief.

Supposition, without more, fails to clear the high bar Defendant must meet to establish its request merits *ex parte* treatment. *See Al Otro Lado, Inc.*, 2020 WL 8617490, at *1 (S.D. Cal. Dec. 7, 2020) (citing *Yokohama Tire Corp. v. Dealers Tire Supply, Inc.*, 202 F.R.D. 612, 613 (D. Ariz. 2001) (a party's mere "perception of the urgency" to obtain relief is insufficient under the *ex parte* standard). Here, Defendant offers no factual basis to explain what exigent circumstances have arisen such that an inspection of Plaintiff's recovered inventory is warranted within the next seven (7) days or shortly thereafter. In fact, Defendant sidesteps addressing that "[Plaintiff] will preserve all of the golf clubs recovered by the California Highway Patrol in a manner consistent with its obligations under the Federal Rules of Civil Procedure, and Saddle Creek may inspect the clubs as part of the discovery process." (Doc. No. 12, 7:4-7.) Based on Plaintiff's assurance to maintain

the status quo, the Court sees no ascertainable risk of spoliation that would give rise to an exigent need to inspect the recovered inventory. Indeed, there is no showing that Plaintiff's recovered inventory is at any risk, let alone, imminent risk, of disappearance or destruction by Plaintiff or a third-party bad actor. In fact, Defendant's insistence that an immediate site inspection is warranted is belied by Plaintiff's agreement to submit to a joint inspection after two conditions are met, both of which are standard in the context of federal discovery practice.

## V.   CONCLUSION

For the reasons articulated above, the Court DENIES Defendant's Emergency Motion/ Ex Parte Application for Order Authorizing Immediate Inspection. (Doc. No. 11.)

Dated: July 26, 2021

Hon. William V. Gallo
United States Magistrate Judge