UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HONMA GOLF U.S., LTD, <br><br> Plaintiff, <br><br> v. <br><br> SADDLE CREEK CORPORATION, <br><br> Defendant. | Case No.: 21cv1131-CAB-WVG <br><br> **ORDER DENYING MOTION TO DISMISS COUNT III FROM THE COMPLAINT [Doc. No. 7]** |

On June 24, 2021, Defendant Saddle Creek Corporation ("Saddle Creek") filed a motion to dismiss Count III of the complaint. [Doc. No. 7.] On July 15, 2021, Plaintiff Honma Golf U.S., Ltd. ("HONMA") filed an opposition. [Doc. No. 10.] On July 22, 2021, Defendant filed a reply. [Doc. No. 13.] For the reasons set forth below, the motion to dismiss Count III is DENIED.

ALLEGATIONS OF COMPLAINT

HONMA contracts with third-party logistics companies to deliver its top of the line golf clubs, which range from $175 for individual clubs to $50,000 for a particular set, to customers across the United States. [Doc. No. 7-2, Ex. A, at ¶ 5.] On January 24, 2019, HONMA and Saddle Creek entered into a warehouse services agreement (the "Agreement"), under which Saddle Creek agreed to receive, store, and prepare for shipment HONMA's products at its warehouse facility located at 7345 Mission George

Road, San Diego, CA 92120 (the "Facility"). [*Id*. at ¶¶ 6-7.] In exchange, HONMA agreed to pay Saddle Creek $10,000 a month for the storage of its products, plus additional fees required under the Agreement. [*Id*. at ¶ 7.] The Agreement is scheduled to terminate January 31, 2022. [*Id*. at ¶ 6.]

Beginning around April 2020, HONMA expressed concerns to Saddle Creek about irregularities in the count of its inventory that was delivered to the Facility. Because of HONMA's concerns, it arranged to have Saddle Creek perform a full inventory audit of HONMA's products at the Facility. HONMA hired its accounting firm, Ernst & Young, to oversee Saddle Creek's audit and to confirm the accuracy of Saddle Creek's count. [Doc. No. 7-2, Ex. A, at ¶ 10.] Once Saddle Creek conducted the audit in May 2020, Ernst & Young confirmed HONMA's suspicions: that there were discrepancies in inventory and other transactions in excess of $400,000. That is, Saddle Creek had misplaced, lost, or stolen over $400,000 of HONMA's inventory from April 2019 to May 2020. [*Id*. at ¶ 11.]

In or around October 2020, at the conclusion of a second audit, Saddle Creek determined that $490,852 of HONMA's equipment that was stored and managed at the Facility had been lost. [Doc. No. 7-2, Ex. A, at ¶ 16.] Shortly after Saddle Creek completed its October 2020 audit, HONMA began transferring its remaining inventory at the Facility to other locations. [*Id*. at ¶ 17.] In or around March 15, 2021, after HONMA transitioned a large portion of its inventory away from the Facility, HONMA conducted its own review of its inventory that was held by Saddle Creek at the Facility over the years and determined that there was additional missing equipment, which may be worth as much as $562,077. [*Id.* at ¶ 18.] In total, HONMA believes that due to Saddle Creek's negligence or intentionally wrongful conduct, over $1 million worth of HONMA's inventory has been misplaced or stolen since the parties entered into the Agreement. [*Id.* at ¶ 19.] Based on the foregoing, HONMA filed suit against Saddle Creek on or about April 23, 2021. In its Complaint, HONMA has asserted claims for breach of contract, conversion, and declaratory relief. [Doc. No. 7-2, Ex. A, at ¶¶ 21-36.]

LEGAL STANDARD

A complaint will survive a motion to dismiss when it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). When considering a Rule 12(b)(6) motion, a court must "accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir.2000).

Although a complaint need not include "detailed factual allegations," it must offer "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. Conclusory allegations or allegations that are no more than a statement of a legal conclusion "are not entitled to the assumption of truth." *Id.* at 679. In other words, a pleading that merely offers "labels and conclusions," a "formulaic recitation of the elements," or "naked assertions" will not be sufficient to state a claim upon which relief can be granted. *Id.* at 678 (citations and internal quotation marks omitted).

"When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement of relief." *Id.* at 679. Plaintiffs [cross-complainants] must allege "plausible grounds to infer" that their claims rise "above the speculative level." *Twombly*, 550 U.S. at 555. "Determining whether a [cross] complaint states a plausible claim for relief" is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

DISCUSSION

Defendant argues the declaratory relief claim should be dismissed because HONMA "has an adequate remedy at law" under the breach of contract and conversion claims. [Doc. No. 7-1 at 2.] Plaintiff argues the declaratory relief claim is cognizable because it seeks a separate remedy from those sought by the other claims. [Doc. No. 10 at 2.]

Under 28 U.S.C. § 2201, "any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." "The existence of another adequate remedy does not preclude a judgment for declaratory relief in cases where it is appropriate." FED.R.CIV.PROC. 57. Declaratory relief may also be granted *in addition* to other remedies (e.g., damages for installments past due under a contract plus a declaration as to liability to make future payments)." Phillips & Stevenson, RUTTER GROUP PRAC GUIDE: FEDERAL CIV.PRO. BEFORE TRIAL (The Rutter Group 2021), ¶10:6.3. Finally, declaratory relief is appropriate where a breach of contract claim will not settle all contractual issues for which plaintiff seeks declaratory relief. See, e.g., *StreamCast Networks, Inc. v. IBIS LLC,* 2006 WL 5720345, at *4 (C.D. Cal. May 2, 2006)(declaratory relief claim not redundant of breach of contract claim where declaratory relief claim sought determination, *inter alia*, of whether contract could be terminated, while contract claim sought actual or liquidated damages for defendant's past alleged breaches).

Here, Plaintiff's declaratory relief claim is not redundant of its other claims. The declaratory relief claim seeks to have the court determine that HONMA is entitled to terminate the Agreement (which is not set to terminate until January 31, 2022) due to Saddle Creeks' alleged material breaches, while the breach of contract and conversion claims seek damages for Saddle Creeks' past alleged breaches. Because the claims seek different forms of relief, the claims are not redundant.

## CONCLUSION

For the reasons set forth above, the motion to dismiss Count III is **DENIED.**

Dated:  August 18, 2021

Hon. Cathy Ann Bencivengo
United States District Judge